FIELD et al. v. PINKUS et al.

(Supreme Court, Appellate Division, First Department. January 5, 1900.)

APPEAL—REFEREE'S REPORT—REVERSAL.
    Where, before the taking of testimony, the referee dismissed the complaint on the merits, assuming that the cause was submitted on the question of limitations raised by defendants' answers, but the appeal record, fails to show such submission, and states that defendants moved to dismiss the action on the complaint only, plaintiffs, having excepted to the referee's report and the judgment thereon, were entitled to a reversal to enable them to introduce testimony in support of the complaint.

Appeal from judgment on report of referee.

Action by Marshall Field and others against Frederick S. Pinkus and another. From a judgment entered on a referee's report, plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, and INGRAHAM, JJ.

G. H. Starr, for appellants.
Joseph O. Osborne and I. L. Miller, for respondents.

PATTERSON, J. The complaint in this action was dismissed on the merits by the referee before whom it was tried. In his report, upon which the judgment appealed from is founded, he states that the case was opened on behalf of the plaintiffs, and that immediately thereafter, and without taking any testimony, the counsel for the defendants moved to dismiss the complaint on the pleadings and on the

opening, and after hearing argument on both sides from the respective counsel, and due deliberation having been had thereon, he granted the motion, and he therefore found, as a conclusion of law, that the defendants were entitled to judgment dismissing the complaint on the merits. It appears from two opinions written by the learned referee that the only ground upon which the complaint was dismissed was that whatever right of action the plaintiffs had was barred by the statute of limitations, the defense of that statute having been specifically set up in the answers of both defendants. The plaintiffs strenuously argue that the referee erred in the disposition he made of the case, and that the plaintiffs were entitled to put in proofs to establish the facts which are alleged in the complaint. We have carefully examined the record, and find that the motions made to dismiss the complaint were not made on the pleadings in the case, but on the complaint and on the opening of the plaintiffs' counsel. The record shows that counsel for the defendant Pinkus moved, on the opening of counsel and on the complaint, to dismiss the complaint as to that defendant on the grounds—First, that the complaint did not state facts sufficient to constitute a cause of action; and, second, that the court had no jurisdiction of the subject-matter of the action; while counsel for the defendant Stover moved to dismiss the complaint on grounds of alleged defects in the complaint, and because of the legal force and effect of allegations contained in that pleading. The learned referee has given judgment on the merits, virtually upon the answers, which set up the statute of limitations; and undoubtedly, in doing so, he acted upon the assumption that the parties had submitted the cause to him upon that question; for his two elaborate and discriminating opinions show that that subject was discussed, and upon it was made the only argument addressed to him. But the plaintiffs have taken due exception to the referee's report, and to the judgment, and now insist upon the right to put in proofs, and to produce evidence of facts and circumstances, which will avoid the statute of limitations, or show that the provisions of that statute are not applicable to the case. We cannot say that it was the duty of the plaintiffs specifically to demand their right to put in proof. They have excepted to the referee dismissing the complaint, and are protected in whatever right they have by that exception. We understand that the learned referee has considered the subject in view of the allegations of the complaint, and has acted upon the assumption that the plaintiffs acquiesced in the submission of the cause to him upon that single question; but unfortunately the record does not show such acquiescence, and the insistency of the plaintiffs as to their right requires us to reverse this judgment, and send the case back to another referee, to take such material proofs as the plaintiffs may have to offer in the establishment of their cause of action (as to the nature of which we do not differ with the referee), and in avoidance of the provisions of the statute of limitations.

The judgment must be reversed, and the case sent back to another referee for trial, with costs to appellant to abide event. All concur.